NO. 7705.                          STATE OF LOUISIANA

LIQUIDATORS SAVINGS AND HOMESTEAD SOCIETY

      vs                          COURT OF APPEAL

CONRAD SMITH, NATURAL TUTOR.        PARISH OF ORLEANS

------------------------------------------------------------

7705

# OPINION.

By his Honor John St. Paul.

Plaintiff brought this action for slander of title, claiming $360 damages; to wit, $90 costs, $20 briefs, and $250 attorney's fees, all incurred in a suit to compel acceptance of title, which they lost because of defendant's claim to a share in the property.

Defendant reconvened claiming one twenty-fourth interest in the property.

There was judgment below rejecting plaintiff's demand and allowing the reconventional demand of the defendant; whereupon plaintiffs appealed.

Defendant now moves to dismiss on the ground that the reconventional demand involves only one twenty-fourth of the value of the property ($1900) amounting to $79.17; and (substantially) that the main demand is frivolous or has been abandoned, plaintiffs having offered no evidence in support thereof.

But we find in the transcript an original brief signed by counsel for defendant and addressed to the trial court, in which it is said; "This case has been before your Honor in another form, namely, in the suit brought by A. A. Virgets vs The Prudential Savings and Homestead Society, No. 118080, which record x x (and others) x x are now likewise before the court. In the opinion in the Virgets case rendered by the Court of Appeal, Judge St. Paul said; etc"

And by reference to a copy of an opinion of this court annexed and made part thereof, it appears that the quotation given is taken from the opinion of this court in the same case on appeal (No. 7.2.6 of our docket), the said case being the very suit to compel acceptance of title which plaintiffs lost as aforesaid.

We have therefore the admission that the suit to compel acceptance of title was brought by plaintiffs and lost as aforesaid; and this court is quite competent (legally speaking) to fix the

315

value of the attorneys' fees therein, part of which were rendered under our own eyes. (See: 5 Martin N.S. $\frac{399}{599}$; 15 La 394; 27 an 467; 49 an 1115, 51 an 590; 9 Orleans Court of appeal 305)

The claim for damages is therefore not frivolous and has not been abandoned, and we have jurisdiction thereof.

As to the reconventional demand, that follows the main demand (Constitution, Art. 95.).

Motion Denied.

New Orleans La, November 14th, 1919.

316

7705

OPINION.

St. Paul, Judge.

Plaintiff sued for slander of title, and defendant reconvened claiming ownership for his ward. The basis of defendant's claim is the nullity of a certain sale purporting to convey at private sale the minor's former interest in the property to one of her co-owners through whom plaintiff derives title.

The sole ground of nullity set up in the pleadings (reconventional demand par. 7) is that the alleged sale, being only of the minor's interest and not of the whole property, was not a sale to effect a partition within the meaning of Act 25 of 1878 (116 La 755, 124 La 610, 128 La 50¢ ).

But under the ruling in Mc Namara vs Marx, 136 La 159, that nullity has been cured by the prescription of six months provided by Act 53 of 1912, and applicable to minors as well as majors.

The judgment appealed from is therefore reversed, and it is now ordered that the defendant's reconventional demand and claim of ownership be rejected at his cost in both courts.

Judgment Reversed.

New Orleans La, April        1920